### HAMMERSEN v. SCHLEICHER.

(Supreme Court, Appellate Term. March 24, 1899.)

APPEAL—WEIGHT OF EVIDENCE—SALE—ACTION FOR PRICE.
     Judgment for defendant in an action for the price of a liquor business alleged by plaintiff to have been sold to defendant for $500, on which should be applied $165 owing by plaintiff's husband to defendant, will be reversed as against the weight of evidence; plaintiff's husband and son and another testifying to the sale on condition that the husband should

get the lease of the premises for defendant; it not being disputed that he got the lease; the testimony of defendant that, on demanding from the husband the $165, the latter suggested that he buy the place, and he said he would take it, and that after he got the lease the husband took from the place all the property therein not covered by a mortgage, being uncorroborated; and the husband and son denying the taking of the property; and the son testifying that the property was taken to a place of business of defendant, and another testifying that he saw it loaded into a wagon of defendant.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Bettina Hammersen against J. Bernard Schleicher. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Bernard J. Isecks, for plaintiff.

Arthur W. Birkins, for defendant.

FREEDMAN, P. J. This action was brought to recover the sum of $237.50, as a balance claimed to be due on an alleged contract for the purchase price of a liquor business, stock, fixtures, good will, and license, in a saloon at Madison avenue, in New York City. The plaintiff claimed that the defendant agreed to pay for such business, stock, etc., the sum of $500. The answer was a general denial. No objection or exception to the introduction of any evidence was taken during the trial, and the case was submitted to the court, and a judgment rendered in favor of the defendant for costs. We are asked to reverse this judgment upon the ground that it is against the weight of evidence. The testimony discloses the following state of facts: The husband of the plaintiff, August W. Hammersen, conducted a saloon business for his wife, the plaintiff, and made the sale to the defendant. He testifies that on the 25th day of March, 1898, he had a conversation with the defendant, in which the defendant agreed to purchase the property in question, and to pay the sum of $500 therefor, subject to a chattel mortgage upon a part of the property held by the Lion Brewing Company, provided he (defendant) could get a lease of the premises; that subsequently, through the efforts of the witness, the defendant obtained a lease of the premises for the term of five years; and that on April 2, 1898, the state and United States licenses for the sale of liquor at the premises, together with the keys to the building, were handed to the defendant, and he was introduced to the customers of the saloon, and took possession. This witness also testifies that a few days after he met the defendant at his (defendant's) residence, and it was then agreed between them that the sum of $165, previously loaned Hammersen by defendant, should be deducted from the purchase price ($500), leaving a balance due of $335, upon which balance payments were subsequently paid, to apply from time to time, until there remained the sum of $237.50. One Frank Kurzeya was called as a witness for the plaintiff, who testified that he was present at the time of the conversation on March 25th between Hammersen and defendant, and heard defendant say to Hammersen: "I will give you $500. Go

down to the landlord, and see if I get the lease. The lease is worth $2,000." August Hammersen, a son of the plaintiff, also testifies to the same state of facts. The testimony of the defendant stands unsupported in any way, and is to the effect that some time in January, preceding the conversation testified to as having occurred in March, he loaned Hammersen the sum of $165, and, after calling on him several times for payment, finally asked him (Hammersen), "What do you intend to do?" that Hammersen then suggested to the witness to buy the place, stating that there was $700 worth of property there (evidently meaning over and above that covered by the mortgage aforesaid, of which mortgage it appears defendant had knowledge); that defendant replied, "In that case, I will take it;" that on April 2d following, he got the lease, paid the rent, and took the keys to the building; that a few days after he left the keys with Hammersen, who, the defendant alleges, thereupon took out everything not covered by the mortgage. It also appears by his testimony that, after he (defendant) ascertained that Hammersen had taken the property, he (defendant) went to the brewing company, and directed them to take away the property covered by the mortgage, and said that he (defendant) would "put in new again." The defendant does not dispute that the lease was obtained for him by Hammersen, and his testimony as to the taking away of the property is denied by the senior Hammersen and by his son; the son testifying that the goods in the store were taken and removed to the place of business kept by defendant. And one Salvatore Mastrak testifies that he was at the saloon, and saw the wagon of defendant there, into which the property was being loaded, and that the witness assisted in the loading. The judgment is clearly against the weight of evidence. We think that the evidence, the acts of the parties, and all the surrounding circumstances, so unmistakably indicate the merit of the plaintiff's claim, that we must hold this to be one of those exceptional instances in which the justice of the case requires a reversal on the facts. Code Civ. Proc. § 3063.